1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    PHILIP RUDOLPH JOHNSON,            )  Case No. 09-2125 SC
                                        )
8              Plaintiff,               )  ORDER GRANTING PLAINTIFF'S
                                        )  MOTION FOR LEAVE TO FILE
9         v.                            )  SECOND AMENDED COMPLAINT
                                        )
10   AMERICAN CASUALTY COMPANY OF       )
11   READING PENNSYLVANIA, a            )
     Pennsylvania Corporation; and DOES )
12   1 through 100,                     )
                                        )
13             Defendants.              )
14                                      )
                                        )
15                                      )
16   _____ )

17   **I.    INTRODUCTION**

18        Before the Court is Plaintiff Philip Rudolph Johnson's

19   ("Plaintiff" or "Johnson") Motion for Leave to File a Second

20   Amended Complaint ("SAC").  ECF No. 59 ("Mot.").  Defendant

21   American Casualty Company ("Defendant" or "American") filed an

22   Opposition.  ECF No. 61.  Plaintiff filed a Reply.  ECF No. 62.

23   For the following reasons, Plaintiff's Motion is GRANTED.

24

25   **II.   BACKGROUND**

26        **A.   Factual Background**

27        The Court has previously set forth the facts of the case in

28   detail in its January 5, 2010 Order granting summary judgment in

**United States District Court**
For the Northern District of California

favor of Defendant.  See ECF No. 35 ("Jan. 2010 Order").  The Court therefore provides only a summary here.

On April 8, 2005, Plaintiff was involved in a motor vehicle accident that caused him injuries.  Jan. 2010 Order at 1.  The accident occurred on Highway 50 in El Dorado County in California, when John Ryan ("Ryan") lost control of the 2002 GMC Sierra he was driving and collided head-on with Plaintiff's vehicle.  Id.

On March 17, 2007, Plaintiff sued Ryan seeking damages as a result of the accident in the Superior Court for the County of El Dorado.  Id. at 2.  Ryan tendered his defense to American, but the insurance company refused to defend or indemnify Ryan.  Id. Johnson and Ryan stipulated to the entry of judgment in favor of Johnson and against Ryan in the amount of $750,000.  Id.  Ryan assigned to Johnson all claims that Ryan had against American relating to the insurance policy or American's refusal to defend Ryan.  Id.

**B. Procedural Background**

On April 7, 2009, Johnson filed suit against American in the Superior Court for the County of Alameda.  ECF No. 1 ("Notice of Removal") ¶ 1.  American removed the case to this Court.  Notice of Removal.  On September 11, 2009, Plaintiff filed an Amended Complaint asserting four causes of action: (1) breach of contract; (2) bad faith; (3) direct action against insurance carrier pursuant to Insurance Code section 11580; (4) estoppel, reasonable expectations and waiver.  ECF No. 22 ("FAC.") ¶¶ 19-39.

On January 5, 2010, the Court granted summary judgment in favor of American.  Jan. 2010 Order.  Plaintiff appealed, and the Ninth Circuit reversed, finding that triable issues of fact exist

as to whether the Sierra was still insured by American at the time

of the accident.  ECF No. 39 ("Mem. Dec.").

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure embody a public policy strongly favoring determination of cases on their merits. Accordingly, Rule 15(a)(2) provides that courts "should freely give leave" to amend pleadings "when justice so requires."  Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, dilatory motive, or futility of amendment on the part of the moving party.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Rule 15's policy in favor of leave to amend should be applied "with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id.

### IV. DISCUSSION

Plaintiff seeks leave to file a SAC that would differ from the FAC in three ways: it would add American's parent company -- Continental Casualty Company ("Continental") -- as a defendant; it would amend Plaintiff's bad faith claim to include not only the assigned claim from Ryan but also Plaintiff's own direct claim of bad faith against American for its refusal to pay the state court judgment; and it would add a prayer for punitive damages.  Mot. Ex. 1 ("Prop. SAC").  Plaintiff argues that these changes are warranted in light of recent discovery developments and that granting leave

**United States District Court**
For the Northern District of California

to amend will not delay this litigation because no case deadlines will be affected.  Mot. at 3.  Defendant argues that Plaintiff's proposed amendments are futile because they could not withstand a motion to dismiss under Rule 12(b)(6).  Opp'n at 5.

A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  For the following reasons, the Court finds that Defendant has not made the "strong showing" of futility necessary to overcome the presumption in favor of granting Plaintiff leave to amend.  Eminence Capital, 316 F.3d at 1051.

### A.    Adding Continental Casualty as a Defendant

Plaintiff argues that adding Continental as a defendant is necessary because recent discovery has revealed that American has no employees, and that all of the actions taken on behalf of American were in fact taken by employees of its parent company, Continental.  Mot. at 2.  Plaintiff's Proposed SAC alleges that Continental is the parent company of American, and that the employees of Continental acted as agents of American when handling Ryan's claim.  Prop. SAC ¶¶ 3, 5.

Defendant argues that adding Continental as a defendant is futile because all of Plaintiff's claims are predicated upon an insurance contract to which Continental was not a party.  Opp'n at 5-6.  Defendant contends that even if Continental acted as American's agent, an insurance company's agent cannot be held liable for actions that allegedly resulted in the insurance company's breach of its contractual obligations to the insured.  Id. (citing Sanchez v. Lindsey Morden Claim Svcs, 72 Cal. App. 4th

4

1   249, 254-256 (Ct. App. 1999).

2       Contrary to Defendant's assertion, a parent corporation may be

3   held liable for the contractual or other obligations of its

4   subsidiary in some circumstances.  "While a parent corporation may

5   generally not be held liable for the actions of its subsidiary, it

6   may be held liable if the subsidiary is the parent's alter ego or

7   if the subsidiary acts as the general agent of the parent."

8   Stickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 1002 (N.D. Cal.

9   2007) (internal quotations omitted).  A parent corporation may also

10  be held directly liable if it participates in the wrongdoing of its

11  subsidiary.  Id. (citing United States v. Bestfoods, 524 U.S. 51,

12  64-65 (1998)).[1]

13      Thus, Plaintiff may be able to amend his FAC to state a

14  plausible claim against Continental if he can allege facts showing

15  that: (1) American was the alter ego of Continental; (2) American

16  was the general agent of Continental; or (3) Continental

17  participated directly in the alleged wrongdoing.  Plaintiff has

18  failed to allege sufficient facts to support any of these theories

19  in his Proposed SAC, but he has attached evidence to his Motion

20  that suggests he may be able to do so.[2]  Accordingly, Plaintiff may

21

22  [1] Plaintiff erroneously cites Harris v. Rutsky & Co. Ins. Servs.,
    Inc., 328 F.3d 1122, 1134 (9th Cir. 2003), regarding the agency
23  test "for imputation of contracts."  Reply at 7.  Plaintiff
    misquotes an excerpt from Harris that actually refers to the
24  "imputation of contacts" for personal jurisdiction purposes.

25  [2] In support of his Motion, Plaintiff provided deposition testimony
    from Defendant's Federal Rule of Civil Procedure 30(b)(6) designee
26  that, according to Plaintiff, shows Continental participated
    directly in the alleged wrongful acts.  Mot. at 8-9; Burke Decl.
27  Ex. 2.  However, in his Proposed SAC, Plaintiff has not alleged the
    relevant facts set forth in the deposition testimony.  Instead, the
28  Proposed SAC merely states that all references to American
    collectively refer to both American and Continental.  Prop. SAC ¶

United States District Court
For the Northern District of California

amend the FAC to add Continental as a defendant, but he should
allege in his SAC the particular facts on which Continental's
alleged liability is predicated.

    **B.**   **<u>Amending the Bad Faith Claim</u>**

In his FAC, Plaintiff alleged that American breached the duty
of good faith and fair dealing owed to Ryan, and that Plaintiff was
entitled to damages for the breach as Ryan's assignee.  FAC ¶¶ 23-
26.  Plaintiff now seeks to amend his bad faith claim to allege
that American also owed a duty of good faith and fair dealing
directly to Plaintiff in his capacity as a judgment creditor, and
that American breached this duty by refusing to pay Plaintiff
despite the stipulated judgment he obtained against Ryan in state
court.  Mot. at 5.  Plaintiff wishes to include emotional distress
allegations as well.  <u>Id.</u>

Plaintiff contends that <u>Hand v. Farmers Ins. Exch.</u>, 23 Cal.
App. 4th 1847 (Ct. App. 1994), authorizes a bad faith claim against
an insurer for failure to pay a judgment creditor.  Defendant
argues that <u>Hand</u> is inapposite.  The Court agrees with Plaintiff.

In <u>Hand</u>, the California Court of Appeal held that "an
unreasonable, bad faith refusal to pay a judgment creditor claimant
the entire amount of the judgment, after it becomes final,
implicates some recognizable duty of good faith by the insurer
under its policy, which was intended to benefit such a third party
beneficiary."  <u>Id.</u> at 1857.  The court further explained: "[T]he

---

5.  This is insufficient to state a plausible claim against
Continental.  Plaintiff should include in his SAC factual
allegations supporting a theory of liability as to Continental.  In
other words, to withstand a motion to dismiss, Plaintiff should
plead the facts he cites in his Motion as evidence that Continental
is liable for the actions of American.

**United States District Court**
For the Northern District of California

duty not to withhold in bad faith payment of adjudicated claims runs not only in favor of the insured but also in favor of a judgment creditor." Id. at 1858.  "To this end, once having secured a final judgment for damages, the plaintiff becomes a third party beneficiary of the policy, entitled to recover on the judgment of the policy." Id.

Hand clearly recognizes a claim by a judgment creditor such as Johnson against an insurance company for failure to pay the amount of the judgment.  Defendant argues that Hand is inapposite because "the conduct now complained of by [Plaintiff] happened before he became a judgment creditor." Opp'n at 7.  This argument misses the mark because the conduct complained of by Plaintiff is American's failure to pay Plaintiff after he secured the state court judgment. See Prop. SAC ¶ 28.  This conduct occurred after Plaintiff became a judgment creditor.

### C.   Adding Prayer for Punitive Damages

Lastly, Defendant argues that Plaintiff cannot allege facts plausibly supporting a claim for punitive damages.  Opp'n at 8.  A California tort plaintiff may recover punitive damages if he can prove "by clear and convincing evidence" that the defendant acted with "oppression, fraud, or malice."  Cal. Civ. Code § 3984(a). Defendant argues that the facts presented during the summary judgment proceedings show that Defendant's conduct was at least reasonable, even if Defendant does not eventually prevail at trial. However, the Court's task at this juncture is not to weigh the evidence previously presented; rather, the Court must determine whether Plaintiff's Proposed SAC, on its face, plausibly states a claim that could support the imposition of punitive damages.  The

**United States District Court**
For the Northern District of California

Court finds that Plaintiff's bad faith claim contains factual allegations that, if proven, might entitle Plaintiff to an award of punitive damages.  Therefore, allowing Plaintiff to amend his FAC to include a prayer for punitive damages would not be futile.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff Philip Rudolph Johnson's Motion for Leave to File a Second Amended Complaint against Defendant American Casualty Company of Reading Pennsylvania.  Plaintiff shall file his Second Amended Complaint within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: August 22, 2011

_____
UNITED STATES DISTRICT JUDGE

8